Alice B. Bowden
vs.          Eq. No. 8092.
William T. Ide, et al.

February 12, 1931.

BAKER, J. Heard on bill, answer and proof.

The bill as its principal relief asks that the respondents be decreed to hold certain real estate in trust for the complainant and ordered to make conveyance thereof to her. As incidental relief an injunction and an accounting are also prayed for.

The real estate in question is situated in Massachusetts but all the parties involved are before the court and it would appear that, if necessary, in personam decrees could be entered.

The testimony shows that the real estate involved, together with other large tracts, was formerly the property of one John P. Barney of East Providence. After his death it came into the possession of the complainant and the respondent William T. Ide as tenants in common. Various disputes and litigation followed about the division and handling of the property and the parties agreed to submit the whole matter to three arbitrators who were to make a division. Arbitrators were named and after consultation and examination of Mr. Barney's various properties made a report which awarded to the complainant the property now held by the respondent and to the respondent the property now held by the complainant. After considering this report the parties agreed to the division but each selected the property which had been awarded to the other by the arbitrators. A decree to carry this out was entered February 2, 1923, and deeds were exchanged bearing the same date.

The parcel about which the present dispute centers is of nearly 14 acres and bounds on the Rhode Island state line immediately adjoining the com-

plainant's land. Her claim is that it was the intention of the arbitrators and all the parties interested that this lot be given to her as part of what she terms the Homestead Farm. The respondent, on the other hand, insists that he has legal title to the disputed premises and that it was the intention of the parties that all of the Massachusetts property should come to him.

An examination of the deed from the respondent to the complainant (Compl't's Exhibit 8) reveals that the latter received property only in Rhode Island and which bounded on the state line, and hence it is beyond dispute that the property involved herein is not included in this deed and was not conveyed to her. Whatever the intention of the parties may have been.

On the other hand, an examination of the deed from the complainant to the respondent (Respondents' Exhibit G) raises a serious question as to whether the property in dispute was conveyed to him. This deed relating to the Massachusetts real estate, after describing certain lots by plat number which are not involved herein, contains the following language:

"Also those four (4) certain wood lots situated in the town of Seekonk, county and state aforesaid, including five (5) acres of land in the West lot, six (6) acres of land in the Carpenter lot, nine (9) acres of land in the Luther lot and four (4) acres of land in the Miller lot, so called. Or however described, being all the property in Seekonk, Massachusetts, belonging to the estate of John P. Barney, late of said East Providence, Rhode Island, deceased."

The respondent contends that the language of this description is broad enough to cover the 14 acre lot involved herein and to give him legal title thereto. He urges, first that the testimony shows that at least a portion of the disputed premises was known as the Carpenter lot and is referred to in the above description.

The Court can not agree with him in this claim. In the first place, the property involved herein consists of almost 14 acres, whereas the reference in the deed to the Carpenter land refers to a lot of 6 acres. Secondly, it is quite clear from the evidence in the case that there were several lots in Seekonk in this general vicinity known as Carpenter land. Further, it seems quite clear that the four wood lots referred to in respondent's deed related to certain property in the vicinity of County street. Their location was described by witnesses and on plats and was at some little distance from the lot involved herein. Whatever the intention of the parties may have been, the Court feels that the statement in the deed that the property described included all the property in Seekonk of Mr. Barney where the description was by particular lot number and name is not sufficient to include the property in question, which does not appear to be anywhere referred to in the deed. The deed does not purport to convey in so many words all of Mr. Barney's property in Seekonk but conveys certain specific lots and then incorrectly states that they are all the lots which Mr. Barney owned in that town. In the opinion of the Court this is not a sufficient legal description to include in the deed the property involved.

The evidence relating to the occupancy or use of the disputed property is not very helpful to either party. After receiving her deed, the complainant rented her farm and apparently assumed she was renting the 14 acres in dispute. Just what occupancy was made by the tenant is not at all clear. The complainant claims she put up certain signs relating to trespassing but it also appears from the testimony that the respondent or someone else removed most of them. On the other

hand, respondent says that he has paid all the taxes assessed by the Town of Seekonk on property owned by him, presumably including those on the property in question, and he also claims that he has occasionally gone on the 14 acre lot and cut out some dead trees and other wood.

After a careful consideration of the deeds and plats involved and the testimony to the conclusion that the lot involved herein is not included in the deed of either party so as to convey the full legal title, and that it would seem as though in making the division of the Barney estate this lot had been inadvertently omitted and that very probably the complainant and the respondent William T. Ide are at the present time owners of the same as tenants in common.

Assuming that the respondent has some legal title to the disputed premises, the question then arises. whether or not the complainant on the law and on the evidence is entitled to have a trust declared therein in her favor and a conveyance to her of whatever interest the respondent may have.

The complainant undoubtedly in her own mind thought she was getting the strip of land in question. It was adjoining the property which had been termed somewhat vaguely the homestead farm and apparently constituted part of it. Also the evidence of the three arbitrators shows beyond dispute that they intended that the premises in question should go with the main portions of the farm above referred to. Evidently, through error or inadvertence, the arbitrators and the complainant did not know exactly where the state line was located, there being little or nothing on the land at that time to delineate it, and they assumed that the thirteen or more acres were in the State of Rhode Island and that they were not cut off by the state line.

The respondent Ide, on the other hand, testifies very positively that he knew that the premises in dispute were located in Massachusetts and that he was aware of the approximate position of the state line. He contends that it was his belief that the person obtaining the Massachusetts property obtained the lot in question. He also introduces some evidence tending to show the chain of title to this lot as bearing out his claim that it was no part of what has been termed the homestead farm in East Providence. Further, he refers to some discussion had during the negotiations prior to the passing of the deeds relating to the necessity for a right of way out of the lot.

Making due allowance for the fact that the parties are interested witnesses, a careful consideration of the testimony leads the Court to the conclusion that it can not be held that the preponderance of the evidence reveals a mutual mistake by the parties in interest at the time the deeds were made and the decree entered. The question of mutual mistake has been considered in C. J. Vol. 18, page 224.

In this case, however, the bill rests upon the establishment of a trust. Questions relating to the proper application of the doctrine of implied trusts, and perhaps more particularly that of constructive trusts, have been carefully considered by the Court in several recent cases.

*Industrial Trust Co.* vs. *Colt*, 46 R. I. 319;

*Broadway Bldg. Co.* vs. *Salsafia*, 47. R. I. 263:

*Rosati* vs. *Rossi*, 47 R. I. 493;

*State Lumber Co.* vs. *Cuddigan*, 51 R. I. 69.

See also 26 Ruling Case Law, page 1232.

If a constructive trust is established by the facts, then it seems clear that the doctrine of the Statute of Frauds does not apply. Trusts of this type are created by the equities of the situation. There is not necessarily any ac-

tual or presumed intention to create the trusts but its basis usually rests upon some conscientious obligation devolving upon the grantee of the property. Occasionally fraud, either actual or constructive, may cause the declaring of such a trust by the Court although this does not necessarily have to be found in order to cause the Court to act. However, before any cestui under a constructive trust can obtain relief he must establish the conscientious obligation of a respondent by clear and convincing evidence.

The complainant has called to the Court's attention the case of *Conti* vs. *Fisher*, *et als.* 48 R. I. 33, in support of her contentions. While the portion of the decision relating to the application of the Statute of Frauds perhaps is material herein, it seems to the Court that the case itself is not directly in point, because it was held, in that case, that the evidence showed clearly mutual mistake and therefore the reformation of certain deeds was ordered. In the case at bar, in the opinion of the Court, the testimony falls short of showing mutual mistake and the bill is for the establishment of a trust rather than for the reformation of any deeds.

After considering with care the evidence presented in the instant case, the Court finds that the complainant has not, by the preponderence of such clear and convincing evidence as is necessary in a case of this type, established any such conscientious obligation on the part of the respondent as would justify it in declaring that whatever title he may hold to the disputed premises is held as a constructive trust for the benefit of the complainant and that she should receive a conveyance from him. This being the situation, the Court does not find that the complainant requires any further relief by way of injunction, and a consideration of the evidence does not re-

veal in the opinion of the Court any necessity for the taking of an account.

The prayers of the bill, therefore, are denied and the bill is dismissed.

For complainant: Greenough, Lyman & Cross, Harvey S. Reynolds.

For Respondent: John P. Beagan.